UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-60910-KMM

MARCIA BONAVIA SAMUELS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS MATTER** comes before the Court on Plaintiff's Unopposed Motion for Award of Equal Access to Justice Act Fees Under 28 U.S.C. § 2412(d)(1)(A) (ECF No. 26), which has been referred to the undersigned by United States District Judge K. Michael Moore for appropriate disposition or recommendation (ECF No. 29). Upon review of the Motion, the docket as a whole, and being otherwise duly apprised in the matter, I hereby **RECOMMEND** that Plaintiff's Motion be **GRANTED, in part.**

**I.     BACKGROUND**

Plaintiff is the prevailing party in this litigation, as the Eleventh Circuit found that (1) the Administrative Law Judge ("ALJ") did not have the benefit of its decision in *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245 (11th Cir. 2019) (per curiam), which could alter the fourth step of the ALJ's disability analysis; and (2) the ALJ's hypothetical to the vocational expert did not sufficiently communicate Plaintiff's limitations from bipolar disorder (ECF No. 24). Accordingly, the Eleventh Circuit remanded the case to the Commissioner for further proceedings consistent with its opinion (*id*.). Plaintiff filed the instant Unopposed Motion for Attorney Fees (ECF No. 26) pursuant to the

1

Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). The Plaintiff seeks $25,735.94 as a reasonable contingent attorney fee; $585.08 in expenses; and $3,763.35 in costs.

## II.   DISCUSSION

### a. Attorney's Fees and Expenses

In relevant part, the Act states the following:

> [A] court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985). Here, Plaintiff asserts, and Defendant does not dispute, that she is the prevailing party, that Defendant's position was not substantially justified, and Plaintiff's net worth at the time the proceeding was filed was less than two million dollars (ECF No. 26-2). The only remaining question is thus whether Plaintiff's requested attorney's fees and expenses are reasonable.

Plaintiff seeks $25,735.94 in attorney's fees, reflecting a cumulative 154 hours expended by four attorneys; their efforts, which spanned from May 2017 through May 2020, included not only litigating the action in district court but also at the Eleventh Circuit, including both briefing the appeal and oral argument (ECF Nos. 26-2; 26-3). Though the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts, and Defendant does not dispute, that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to those specified in the itemization of hours, ranging from $194.17 per hour in the beginning of 2017 to $202.77 per hour as of August 2020 (ECF No. 26-3). The Court observes that among the itemized hours billed are hours spent travelling from New York to Miami and vice versa (*id.*). The Court also observes that the time expended on the case multiplied by the hourly rates described above would total $30,881.49 in fees incurred, but the Parties

reached an informal agreement to decrease the total to $25,735.94 (ECF No. 26-2); given this reduction, the Court will forego an analysis as to the propriety of including attorney travel time in the fee award.

Accordingly, having reviewed Plaintiff's counsel's itemized time entries, experience, and reputation (ECF Nos. 26-2; 26-3), the undersigned finds Plaintiff's request for attorney's fees to be reasonable. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) ("A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.") (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)); *see also Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988) (stating that a prevailing party is likewise entitled to attorney's fees for work done on appeal, provided the party also prevailed on appeal), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990); *Stokes v. Saul*, 20-CV-61485, 2021 WL 3019496, at *1 (S.D. Fla. July 7, 2021) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (same); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

Plaintiff additionally seeks an award of $585.08, reflecting expenses incurred for travel to oral argument. As noted in the text of § 2412(d)(2)(A), the term fees and other expenses "includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." As interpreted by the Eleventh Circuit, however, the inclusion of such "extraordinary expenditures" in the enumerated list—such as engineering reports and studies—reflected congressional intent to enlarge rather than contract the category of reimbursable

expenditures under the EAJA. *Jean*, 863 F.2d at 778 (rejecting the government's argument that, among other things, reasonable travel was not reimbursable (citations omitted)); *see also International Woodworkers of America v. Donovan*, 792 F.2d 762, 767 (9th Cir.1985) (finding that expenses routinely billed to a client including telephone, air courier, attorney travel are recoverable under the EAJA); *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 12 (2d Cir.1986) (affirming an award of telephone, postage, travel and photocopying expenses).

As a result, the litmus test for reimbursable expenses under the EAJA is not whether they are enumerated, but rather whether they were necessary for the preparation of the prevailing party's case. *Id.* Plaintiff's itemized records and the accompanying sworn affidavit warrant that these costs were incurred attendant to travel for the oral argument at the Eleventh Circuit in this case. I find this expense reasonable and necessary to the litigation of Plaintiff's case and recommend an award of $585.08 in travel expenses.

    **b. Costs**

The EAJA explicitly permits courts to award a judgment for costs to the prevailing party in accordance with § 1920. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a

request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Plaintiff seeks reimbursement of $3,763.35 in costs, comprised of the following: (1) filing the Complaint ($400.00); (2) Filing the Notice of Appeal ($505.00); and (3) $2,858.35 in what Plaintiff refers to as "Printing costs brief/reply/appendix" (ECF No. 26-3 at 2). Plaintiff provides no supporting documentation for the filing fees, but a review of the dockets at issue in this case indeed reflect filing fees culminating in $905.00; filing fees are recoverable as a cost under § 1920, and thus the undersigned recommends that $905.00 be awarded in costs for filing fees. *See Goodman v. Sperduti Enter., Inc.*, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]").

As to the remaining $2,858.35 in printing costs, however, a review of the three supporting invoices[1] reflects certain non-recoverable costs under § 1920. In addition to costs for items like printing and brief assembly that I find recoverable by virtue of their facial necessity to the litigation, the invoices further detail costs for the following: (1) $204.98 in total FedEx Shipment costs; (2) $80.00 in total messenger costs; (3) $11.23 in postage costs; and (4) $142.00 in paralegal time (*id*.). None of these costs are explicitly enumerated under § 1920, nor does Plaintiff provide any justification as to why these costs were reasonably necessary to this litigation.

Courts in this district have held that FedEx, postage, and messenger costs are not recoverable under § 1920. *See Lezer Corp. v. Noble Partners, LLC*, No. 20-23235-CIV, 2021 WL 883492, at *3 (S.D. Fla. Feb. 19, 2021) ("Courts in the Eleventh Circuit have found that "mailing costs are not recoverable under 28 U.S.C. § 1920." (citation omitted)), *report and recommendation adopted*, No.

---

[1] ECF No. 26-5 at 1-3 (invoices for $289.03, $817.60, and $1,751.72).

20-23235-CIV, 2021 WL 880280 (S.D. Fla. Mar. 9, 2021); *Gonzalez v. Wells Fargo Bank, N.A.*, No. 1:13-CV-23281, 2015 WL 12978820, at *8 (S.D. Fla. Mar. 20, 2015) ("[Section] 1920 does not allow recovery for either messenger service or telephone charges."), *report and recommendation adopted*, No. 13-23281-CIV, 2015 WL 12978799 (S.D. Fla. Apr. 8, 2015); *MKT Reps S.A. De C.V. v. Standard Chartered Bank Int'l (Americas) Ltd.*, No. 10-22963-CIV, 2013 WL 1289261, at *6 (S.D. Fla. Mar. 28, 2013) ("This Court has held that a party may not recover costs for express mail, facsimile transmissions, travel expenses and expert witness fees under 28 U.S.C. § 1920); *see also Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now enumerated in 28 U.S.C.A. § 1920"). The Court thus recommends that Plaintiff's cost award be reduced by $296.21.

Plaintiff additionally includes $142.00 in her requests for costs attributable to paralegal time incurred. While paralegal fees may be included as part of an award for attorney's fees, Plaintiff does not argue that the paralegals here were engaged in non-clerical tasks or work traditionally done by an attorney within the scope of permissible fees, which would be required for the paralegal fees to be recovered as part of the attorney fee award. *See Incardone v. Royal Carribean Cruises, Ltd.*, No. 16-20924-CIV, 2019 WL 8989850, at *9 (S.D. Fla. Mar. 18, 2019) ("To the extent that [paralegal fees] concern work traditionally done by an attorney and are encompassed within the scope of permissible fees here, they are recoverable.") (citing cases); *Palavicini v. Wal-Mart Stores E., LP*, No. 18-20708-CIV, 2019 WL 3769266, at *3 (S.D. Fla. Jan. 31, 2019) ("A paralegal's time is compensable to the extent the paralegal performed non-clerical tasks, including drafts of pleadings, proposals for settlement, and preparing expert disclosures."). Paralegal fees are also not among the taxable costs enumerated under § 1920. Accordingly, I find that Plaintiff has not carried her burden to demonstrate

that the paralegal costs are properly taxable and recommend Plaintiff's cost award be further reduced by $142.00, bringing Plaintiff's recommended reimbursement for costs to $3,325.14.

## I. RECOMMENDATIONS

For the foregoing reasons, I recommend that Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 26) be **GRANTED, in part**, and that Plaintiff be awarded a total of $25,735.94 in attorney's fees; $585.08 in expenses; and $3,325.14 in costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 5th day of November, 2021.

**LAUREN F. LOUIS**
**UNITED STATES MAGISTRATE JUDGE**